LAW OFFICES OF MONTELL FIGGINS, ESQ.
Montell Figgins, Esq., Attorney ID#: 036912003
17 Academy Street, Suite 601
Newark, New Jersey 07102
(973) 242-4700
Attorney for Plaintiff

RECEIVED

APR - 6 2015

AT 8:30_____M
WILLIAM T. WALSH, CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARK FOSTER,

                                    Plaintiff,

v.

Civil No.:

SIX FLAGS GREAT ADVENTURE LLC, JOHN
DOES 1-10 (SAID NAMES BEING
FICTITIOUS) AND XYZ CORPORATIONS 1-10
(SAID NAMES BEING FICTITIOUS),
                                    Defendant(s)

**COMPLAINT AND JURY
DEMAND**

## THE PARTIES

1.  Plaintiff MARK FOSTER ("plaintiff") currently resides at 196 Slosson Ave, Staten Island,

    NY 10314.

2.  Defendant, SIX FLAGS GREAT ADVENTURE, LLC, has its place of business at 1 Six

    Flags Boulevard, Jackson NJ 08527.

3.  This action is brought for damages and other appropriate relief under 42 U.S. Code § 1983,

    New Jersey Civil Rights Act (N.J.S.A. 10:6-2), 25 C.F.R. Section 11.404, N.J.S.A. 2C:13-3,

    N.J.S.A. 14A:17-8, and various New Jersey tort statutes.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, MARK FOSTER, by way of Complaint against defendants, says:

2. On or about July 19, 2014, Mark Foster and his family were legally and lawfully on premises owned, operated, maintained, repaired, controlled, and supervised by defendants, Six Flags Great Adventure LLC.

3. Plaintiff was on line for the Green Lantern attraction on Defendant's premises. Plaintiff's daughter, Destinie Foster, and son, Shamar Foster, briefly departed from the line to deposit additional funds into their locker rental and to use the restrooms. Plaintiff remained in the line at this time.

4. Upon the daughter's and son's attempt to return to their place in the line by their father's side, a group of Caucasian men and women blocked their path and began to insult both of them by calling them "niggers" and "motherfuckers". The group proceeded to push them, elbow them, and assault them causing injuries resulting in bruises.

5. Plaintiff's children continued to proceed along the line amid all these insults and attack. However, they were blocked off by about six large Caucasian men who proceeded to surround Shamar Foster.

6. At this moment, Destinie Foster quickly went to get the Plaintiff for help. As the Plaintiff was approaching the circle of men encircling his son, one of the men, who had already struck Destinie Foster previously, struck Plaintiff and Plaintiff became involved in an altercation trying to protect himself and his family out of self-defense. At this time, the Plaintiff and two children were elbowed and punched causing severe bodily injury.

2

7.  Three security guards approached the scene and forcefully took Plaintiff's family to their security office in the nearby vicinity.

8.  The security guards did not proceed to conduct any type of investigation on the scene or thereafter. The group of Caucasian men and women were not asked to leave the attraction line. The Plaintiff's and his family were the only individuals asked to follow the security guards back to their office for questioning against their own will.

9.  The security guards proceeded to inform the Plaintiff and his family that they were relying on a witness statement stating they were the ones who initiated and committed an assault on the other individuals in the attraction line. A notice of trespass stating that Shamar Foster and the Plaintiff were not permitted on the premises was given at this time.

10. Plaintiff and his family were unlawfully and without legal justification removed from the amusement park after they had paid for their entrance fee.

11. The Defendant's medical staff evaluated Destinie Foster and determined that she incurred various injuries and bruises from said incident.

12. Plaintiff and his family suffered severe and serious bodily injury and had to seek medical care after leaving the said premises.

13. Plaintiff wishes to file a complaint against Six Flags Great Adventure, LLC as well as those security officers who failed to adequately protect the Plaintiff and his family as patrons of Defendant on said premises.

14. In addition, Defendant's security officers John Does 1-10 did not report the illegal assault suffered against Plaintiff to anyone.

3

15. At all times during the above mentioned acts, Defendant's knew or should have known that their actions against plaintiff were unreasonable and would violate clearly-established constitutional and statutory rights guaranteed to their patrons.

16. As a direct and proximate result of said acts of the Defendants, the Plaintiff suffered the following injuries:

      a.  Loss of his physical liberty;

      b.  Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

      c.  The actions of the Defendants violated clearly established and well settled federal and state constitutional rights of plaintiff.

## FIRST CAUSE OF ACTION
### Violation of Federal Constitutional Rights under 42 U.S.C.A. § 1983

1. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

2. This Cause of Action is brought by plaintiff against defendants Six Flags Great Adventure LLC., and John Does 1-10 individually and in their official capacity for deprivation of plaintiff's federal constitutional rights within the meaning of 42 U.S.C.A. § 1983.

3. Defendants knew or should have known that their actions in kicking out Plaintiff and his son and lack of even attempting to conduct a reasonable investigation was unreasonable in light of the circumstances.

4. During the time that defendants John Does 1-10 deprived Plaintiff of his constitutional rights, they were acting under the official capacity as security officers for Defendant Six Flags Great

4

Adventure LLC.

5. Defendants John Does 1-10 were improperly trained on proper investigation procedures, which reflects a deliberate indifference on the part of Defendants John Does 1-10 and Six Flags Great Adventure.

6. Six Flags Great Adventure LLC failed to establish and maintain policies that would instruct and educate any misconduct and/or racial discrimination committed by their employees, John Does 1-10, when encountering a diverse demographic of people at said premises. This inadequacy reflects a deliberate indifference on the part of Six Flags Great Adventure LLC.

7. Defendants Six Flags Great Adventure LLC, failed to supervise and/or reprimand JohnDoes 1-10 for violating citizens' constitutional rights by racial discrimination which reflects a deliberate indifference on the part of Six Flags Great Adventure LLC.

8. The above-described actions subjected plaintiff to a deprivation of rights and privileges secured to plaintiff by the Constitution and laws of the United States.

9. As a result of the aforesaid conduct, plaintiff has been damaged, including violation of plaintiff's Constitutional Rights and severe physical injury.

   **WHEREFORE**, plaintiff demands judgment against defendants for the following:

   a. Compensatory damages

   b. Attorney fees;

   c. Costs of suit;

   d. Interest;

   e. Punitive damages; and

5

f. Such other and further relief as the Court may deem equitable and just.

## SECOND CAUSE OF ACTION
### Violation of State Constitutional Rights under New Jersey Civil Rights Act N.J.S. A 10:6-2

10. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

11. This Cause of Action is brought by Plaintiff against Defendant Six Flags Great Adventure and John Does 1-10 individually in their official capacity for deprivation of New Jersey State Constitutional rights within the meaning of the New Jersey Civil Rights Act (N.J.S.A. 10:6-2).

12. Defendants knew or should have known that their actions in forcibly removing Plaintiff and his son and lack of even attempting to conduct a reasonable investigation, was unreasonable in light of the circumstances.

13. During the time that Defendants John Does 1-10 deprived Plaintiff of his constitutional rights, they were acting under the official capacity as security officers for Defendant Six Flags Great Adventure LLC.

14. Defendants John Does 1-10 were improperly trained on proper investigation procedures, which reflects a deliberate indifference on the part of Defendants John Does 1-10 and Six Flags Great Adventure.

15. Six Flags Great Adventure LLC failed to establish and maintain policies that would instruct and educate any misconduct and/or racial discrimination committed by their employees, John Does 1-10, when encountering a diverse demographic of people at said premises. This inadequacy reflects a deliberate indifference on the part of Six Flags Great Adventure LLC.

6

16. Defendants Six Flags Great Adventure LLC, failed to supervise and/or reprimand John Does 1-10 for violating citizens' constitutional rights which reflect a deliberate indifference on the part of Six Flags Great Adventure LLC.

17. The above-described actions subjected plaintiff to a deprivation of rights and privileges secured to plaintiff by the Constitution and laws of the United States.

18. As a result of the aforesaid conduct, plaintiff has been damaged, including violation of plaintiff's Constitutional Rights and severe physical injury.

**WHEREFORE**, plaintiff demands judgment against defendants for the following:

    a. Compensatory damages

    b. Attorney fees;

    c. Costs of suit;

    d. Interest;

    e. Punitive damages; and

    f. Such other and further relief as the Court may deem equitable and just.

### THIRD CAUSE OF ACTION
#### Intentional Infliction of Emotional Distress

19. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

20. This Cause of Action is brought by plaintiff against Defendants Six Flags Great Adventure and John Does 1-10 individually and in their official capacity for common law intentional infliction of emotional distress.

21. Defendants intentionally and recklessly failed to even attempt to aid and/or investigate the Plaintiff and his family in their time of need as patrons in an act of racial discrimination. John Does 1-10 acted in their official capacity and proceeded to criminalize and discriminate the Plaintiff and his family by serving a notice of trespass which caused severe emotional distress.

22. Defendants intended to cause plaintiff emotional distress by not affording the Plaintiff any remedial measures or any attempt at investigating the individuals who assaulted the Plaintiff and his family.

23. Plaintiff has suffered severe emotional distress as a result of being assaulted on Defendant's premises without the Defendant providing any remedial measures but proceeding to accuse and penalize Plaintiff and his family.

24. Defendants conduct was so extreme and outrageous that it would shock the conscious of any reasonable person.

25. Defendants actions were the direct cause of plaintiff's emotional distress.

26. As a result of the above mentioned actions, Plaintiff has been damaged, including emotional and mental distress, and pain and suffering, resulting in substantial medical expenses.

**WHEREFORE**, plaintiff demands judgment against defendants for the following:

    a. Compensatory damages

    b. Attorney fees;

    c. Costs of suit;

    d. Interest;

8

e. Punitive Damages; and

f. Such other and further relief as the Court may deem equitable and just.

## FOURTH CAUSE OF ACTION
### False Imprisonment under 25 C.F.R. Section 11.404

27. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

28. This Cause of Action is brought by plaintiff against Defendants Six Flags Great Adventure LLC and John Does 1-10 individually and in their official capacity for false imprisonment under Federal Law.

29. Defendants knowingly restrained Plaintiff and his family unlawfully in substantial deprivation of their liberty as they detained them in their security office without a competent investigation and/or reasonable basis.

**WHEREFORE**, plaintiff demands judgment against defendants for the following:

a. Compensatory damages

b. Attorney fees;

c. Costs of suit;

d. Interest;

e. Punitive Damages; and

f. Such other and further relief as the Court may deem equitable and just.

9

## FIFTH CAUSE OF ACTION

### False Imprisonment under N.J.S.A. 2C:13-3

30. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

31. This Cause of Action is brought by plaintiff against Defendants Six Flags Great Adventure

LLC and John Does 1-10 individually and in their official capacity for false imprisonment

under New Jersey criminal law.

32. Defendants knowingly restrained Plaintiff and his family unlawfully in substantial

deprivation of their liberty as they detained them in their security office without a competent

investigation and/or reasonable basis.

**WHEREFORE**, plaintiff demands judgment against defendants for the following:

      a. Compensatory damages

      b. Attorney fees;

      c. Costs of suit;

      d. Interest;

      e. Punitive Damages; and

      f. Such other and further relief as the Court may deem equitable and just.


        Law Offices of Montell Figgins
        Attorneys for Plaintiff

        BY: _____

Dated: April 6, 2015      Montell Figgins, Esq.

            10

DEMAND FOR JURY TRIAL

      Plaintiff hereby demands a trial by jury on all issues so triable.

                           BY: _____

Dated: April 6, 2015            Montell Figgins, Esq.


## DESIGNATION OF TRIAL COUNSEL

      Plaintiff hereby designates Montell Figgins, Esq. as trial counsel in the above-captioned matter.

                           BY: _____

Dated: April 6, 2015            Montell Figgins, Esq.


## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

                           BY: _____

Dated: April 6, 2015            Montell Figgins, Esq.

RECEIVED

APR - 6 2015

AT 8:30_____M
WILLIAM T. WALSH, CLERK