NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK FOSTER, | : | CIVIL ACTION NO. 15-2535 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| SIX FLAGS GREAT ADVENTURE LLC, et al., | : | |
| Defendants. | : | |

**MARK FOSTER** brought this action on April 6, 2015, against the defendants: (1) Six Flags Great Adventure LLC ("SFGA"); and (2) John Does 1–10 ("Doe Defendants"), who are SFGA security guards. (See dkt. 1.) The Court ordered Mark Foster to show cause why claims asserted pursuant to: (1) 25 C.F.R. § 11.404 and 42 U.S.C. § 1983 should not be dismissed with prejudice; and (2) state law should not be dismissed without prejudice. (See dkt. 5.) The Court assumes that the parties are familiar with the issues set forth in the Order to Show Cause and will not repeat them here.

**SFGA'S COUNSEL** asserts that this Court — even if lacking subject-matter jurisdiction under 28 U.S.C. § 1331 — possesses subject-matter jurisdiction under 28 U.S.C. § 1332 ("Section 1332") because Mark Foster is a New York citizen, SFGA is deemed to be a citizen of Delaware and Texas, and:

> It is clear from [Mark Foster's] Complaint that the "John Doe" defendants named therein are security guard[s] employed by [SFGA]. While I do not

> state the precise residences or citizenships of individuals by name of the "John Doe" defendant security guards suggested as parties in [Mark Foster's] Complaint herein because I respectfully submit that it would be inappropriate for me to do so, I do hereby affirm that ALL of [SFGA's] security personnel who were involved with [Mark Foster] and the alleged incident at issue herein are residents and citizens of the State of New Jersey.  I hereby further affirm that I have verified with my client that [SFGA] has NO security guards or other security personnel who are residents or citizens of ANY State other than New Jersey.

(Dkt. 6 at 2 (sentence numbers deleted).)

**MARK FOSTER** "concede[s] and withdraw[s] claims under: 1) subject matter jurisdiction via 42 USC 1983; 2) false imprisonment via 25 CFR Section 11.404", and "assert[s] diversity jurisdiction under [Section 1332]."  (See dkt. 9 at 1.)

**THIS COURT** will assume that there is subject-matter jurisdiction under Section 1332, unless discovery shows otherwise concerning the Doe Defendants.  Cf. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 31–32 (3d Cir. 1985) (concluding "the Doe allegations here are sufficient on their face to defeat diversity jurisdiction" because they were asserted "[w]ith [a] degree of specificity", and thus "we cannot say that the Doe defendants are mere 'phantoms' who 'live not and are accused of nothing'").  The parties will be ordered to inform this Court in writing when the discovery process reveals the identity, and the citizenship as of April 6, 2015, of each Doe Defendant.  In addition, Mark Foster will be directed to further amend his claims to add the actual names of the Doe Defendants when they are revealed.

**BUT** Mark Foster has also submitted an improper proposed amended complaint. He lists additional plaintiffs ("Additional Plaintiffs"), thereby placing an undue burden on the judiciary and the Clerk of this Court by seeking relief under one civil-action number and paying only one filing fee for separate claims that may require: (1) separate motion practice; (2) separate discovery demands; (3) separate assessments of damages; (4) the entry of separate judgments; (5) separate appeals from separate judgments; and (6) other separate activity.  (See dkt. 9-1 at 1 (listing "Shamar Foster"); id. at 2 (listing "Shahar Foster"); id. (listing "Destinie Foster"); see also dkt. 10 at 1 (SFGA "object[ing]" to amended complaint that "purports to add an entirely new plaintiff and new claims").)  See Fed.R.Civ.P. 21.  The proposed amended complaint — despite Mark Foster's concession that all federal claims are to be withdrawn — also alleges "violat[ions of] clearly established and well settled **federal** and state constitutional rights", and "deprivation of rights and privileges secured . . . by **the Constitution and laws of the United States**."  (See dkt. 9-1 at 4–5 (emphasis added).)  The proposed amended complaint will not be filed, and will be considered to be a nullity.  See In re Thomas, 463 Fed.Appx. 101, 101 (3d Cir. 2012) (respondent asserting petitioner's "amended complaint is a nullity because he was not afforded leave to file the complaint"); Williams v. Bradshaw, 459 F.3d 846, 849 (8th Cir. 2006) (stating "complaint [at issue] amounts to a nullity" because it "was without legal effect"); Hunt v. Lamb, 427 F.3d 725, 727 n.1 (10th Cir. 2005) (stating "complaint was . . . a nullity" because court lacked jurisdiction).

**MARK FOSTER** — if indeed intending to prosecute this action in this Court — must file an amended complaint that:

(1) names only one plaintiff in the caption — i.e., Mark Foster;

(2) asserts claims on behalf of Mark Foster only; and

(3) contains no references to federal law.

**MARK FOSTER** may file an amended complaint, in the manner directed by this Court, without moving for leave to do so before the Magistrate Judge.

**THIS COURT** also will grant leave to each Additional Plaintiff to institute and pay the requisite filing fee for a separate action in this Court, with the caveat that each Additional Plaintiff must note in the civil cover sheet and the complaint supporting each separate action that the claims are related to Mark Foster's claims.  Thus, if there are three Additional Plaintiffs here — i.e., Shamar Foster, Shahar Foster, and Destinie Foster — then three additional and separate actions must be brought.  This Court does not intend to substantively affect any claims at this juncture, and any separate action ultimately brought by an Additional Plaintiff within the time to be allotted by this Court will be deemed a continuation of the claims brought under the above-captioned civil-action number for the purposes of the statute of limitations.

**AFTER** Mark Foster files an amended complaint and after each Additional Plaintiff institutes a separate action, this Court will review the respective pleadings for subject-matter jurisdiction and for compliance with the Federal Rules of Civil Procedure.

This Court may then administratively consolidate the separate actions.  See Fed.R.Civ.P. 42(a); Bor. of Olyphant v. PPL Corp., 153 Fed.Appx. 80, 82 (3d Cir. 2005) (stating "district court has broad discretion when determining whether consolidation is appropriate"); Bradgate Assocs. v. Fellows, Read & Assocs., 999 F.2d 745, 750 (3d Cir. 1993) (stating consolidation may serve objectives of convenience and economy in administration, and does not merge actions into single claim or change rights of parties).

**FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order and judgment.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** July 14, 2015