NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK FOSTER, | CIVIL ACTION NO. 15-2535 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| SIX FLAGS GREAT ADVENTURE LLC, et al., | |
| Defendants. | |

**COOPER, District Judge**

## INTRODUCTION

Defendants, Six Flags Great Adventure LLC ("SFGA") and SFGA "security officers," named as "John Does 1–10" ("the Doe Defendants"), move to dismiss the amended complaint filed by Plaintiff, Mark Foster ("Foster") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Dkt. 17; see also dkt. 15.)[1]  Defendants move to dismiss three causes of action, which are styled as follows: (1) "Violation of State Constitutional Rights under New Jersey Civil Rights Act N.J.S. A [*sic*] 10:6-2" ("First Cause of Action"); (2) "Intentional Infliction of Emotional Distress" ("Second Cause of Action"); and (3) "False Imprisonment under N.J.S.A. 2C:13-3" ("Third Cause of Action").  (Dkt. 15 at 4–8.)  Foster opposes the motion.  (Dkt. 18-1.)

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to docket entry numbers by the designation of "dkt."  Pincites reference ECF pagination.

The Court will resolve the motion without oral argument. See L.Civ.R. 78.1(b). The Court, for the reasons below, will: (1) grant the motion with respect to the First Cause of Action and Third Cause of Action; and (2) deny the motion with respect to the Second Cause of Action.

## DISCUSSION

### I. FACTUAL HISTORY

#### A. The Parties

SFGA is a "privately owned Limited Liability Company … [located in] Jackson, New Jersey …." (Dkt. 17 at 2.) A Delaware corporation, Six Flags Theme Parks, is the parent company to SFGA. (Dkt. 15 at 1.) Foster resided in Staten Island, New York, at the time this action was brought. (Id.)

#### B. Facts Underlying this Action

Foster visited SFGA on July 19, 2014, with his children, Destinie Foster and Shamar Foster (collectively, "the Foster Family"). (Id. at 2.)[2] The Foster Family waited to board the "Green Lantern attraction," and the children exited the line. (Id.) The children later attempted to reenter the line, and the Foster Family was involved in a physical altercation with a neighboring "group of Caucasian men and women." (Id. at 2–

---

[2] The parties agree to these facts. (Dkt. 15 at 2–4; dkt. 17 at 2.) The parties disagree, however, as to, inter alia: (1) the extent of Foster's involvement in the physical altercation; (2) whether the Doe Defendants forcibly removed the Foster Family to the security office; and (3) whether the Doe Defendants ejected the Foster Family from the park on account of race. (Compare dkt. 15 at 2–4, with dkt. 17 at 2.)

3.)  The Doe Defendants intervened, removed the Foster Family to the security office, and subsequently ejected the Foster Family from the park.  (Id. at 2–4.)

## II.     PROCEDURAL HISTORY

Foster filed the initial complaint on April 6, 2015.  (Dkt. 1.)  Defendants moved to dismiss the initial complaint on June 9, 2015.  (Dkt. 3-1.)  This Court issued an Order and Order to Show Cause on June 15, 2015 ("6-15-15 Order"), ordering Foster to show cause why, inter alia, his federal and state claims were procedurally viable.  (Dkt. 5.)  The 6-15-15 Order also denied SFGA's motion to dismiss without prejudice, and granted leave to amend upon a new notice of motion.  (Id. at 6.)

Foster filed an amended complaint on August 12, 2015.  (Dkt. 15.)  Defendants filed a motion to dismiss the amended complaint on August 26, 2015.  (Dkt. 17.)  The Court addresses that motion below.

## III.    LEGAL STANDARD

A court, when reviewing a motion to dismiss, must: (1) accept all of the well-pleaded factual allegations in the amended complaint as true; and (2) construe the amended complaint in the light most favorable to the plaintiff.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Mann v. Brenner, 375 Fed.Appx. 232, 235 (3d Cir. 2010).  A court may also consider "exhibits attached to the [amended] complaint, matters of public record, and documents that form the basis of a claim."  Turner v. Leggett, 421 Fed.Appx. 129, 131 (3d Cir. 2011) (internal quotation and citation omitted).

A plaintiff must state a claim for relief that is plausible on its face in order to survive a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Facial

plausibility exists when the factual content related to the claim permits the Court to draw a reasonable inference that a defendant is liable for the alleged misconduct. Id. Judicial experience and common sense guide that determination. Id. at 679. Although the Court must accept all factual allegations as true, the Court need not do the same for legal conclusions. Id. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. Id.

## IV.  LEGAL STANDARD APPLIED HERE

### A.  First Cause of Action: "Violation of State Constitutional Rights under New Jersey Civil Rights Act N.J.S. A [*sic*] 10:6-2"

Foster brought the First Cause of Action against SFGA and the Doe Defendants "individually in their official capacity for deprivation of New Jersey State Constitutional rights within the meaning of the New Jersey Civil Rights Act (N.J.S.A. 10:6-2)." (Dkt. 15 at 4–5.)  With respect to SFGA, the First Cause of Action alleges that the amusement park failed to: (1) train staff regarding "proper investigation procedures"; (2) "establish and maintain policies that would instruct and educate any misconduct and/or racial discrimination committed by their employees …."; and (3) "supervise and/or reprimand [employees] for violating citizens' state constitutional rights which reflect a deliberate indifference on the part of [SFGA]." (Id. at 5.)  The allegations against the Doe Defendants concern, inter alia, a failure to investigate the physical altercation. (Id.)

4

### 1. Defendants' Arguments

Defendants argue that the First Cause of Action fails as a matter of law, because N.J.S.A. 10:6-2 "only authorizes a private cause of action against parties 'acting under the color of law.'" (Dkt. 17 at 4.) According to SFGA, Foster does not establish a prima facie claim under N.J.S.A. 10:6-2, because he "fails to cite a single authority, statutory or common law, to support his contentions … that the … [Doe Defendants] were, in fact, acting under color of law." (Dkt. 19 at 5.)

### 2. Foster's Arguments

Foster concedes that N.J.S.A. 10:6-2 "state[s] that private individuals not acting under color, who interfere or attempt to interfere with substantive rights, equal protection, or privileges and immunities under state law are not subject to individual civil action but action by the Attorney General." (Dkt. 18-1 at 6.) Foster contends, however, that "individuals acting under color of law while interfering or attempting to interfere with the same rights are subject to civil action brought by the injured individual." (Id.) Foster argues that here the alleged actions of the Doe Defendants are fairly "attributable to the state" because the Doe Defendants were state actors under the color of state law. (Id. at 6–7.) Foster, in support of that argument, contends that "the private party conduct of the security force is attributable to the state because the patrolling of parks is a function traditionally performed by the police." (Id. at 7.)

5

### 3. Analysis

The Court finds that Foster does not adequately plead the First Cause of Action sufficient to survive a motion to dismiss. N.J.S.A. 10:6-2(c) provides a private cause of action, and reads, in relevant part, as follows:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief ….

N.J.S.A. 10:6-2(c).

The 6-15-15 Order informed Foster that he could not bring the N.J.S.A. 10:6-2 claim under 42 U.S.C. § 1983 ("Section 1983") for the following reasons:

> **THE DOE DEFENDANTS AND SFGA** are private actors — and not state actors — and thus any claims asserting their liability for constitutional violations would appear to be without merit. See Collura v. City of Philadelphia, 590 Fed.Appx. 180, 185 (3d Cir. 2014) (affirming dismissal of Section 1983 claim asserted against private security service); Harbour v. Super Extra, No. 10-1254, 2010 WL 988723, at *1 (D.N.J. Mar. 15, 2010) (dismissing Section 1983 claim against store and security guard, where plaintiff alleged guard confronted and injured him). Section 1983 does not cover merely private conduct, no matter how discriminatory or wrongful. St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006); see Boyd v. Pearson, 346 Fed.Appx. 814, 816 (3d Cir. 2009) (affirming dismissal of Section 1983 claim where defendant was not state actor).

(Dkt. 5 at 2.)

Foster provides no reason to revisit the Court's determination in the 6-15-15 Order, and the amended complaint likewise does not plead facts sufficient to support an

6

allegation that Defendants acted under the color of law.  (See dkt. 15.)  The amended complaint, rather, contains conclusory statements that the Doe Defendants acted "under [their] official capacity as security officers for" SFGA.  (Dkt. 15 at 5.)  To support his claim that the private officers acted under the color of state law, Foster argues that "the patrolling of parks is a function traditionally performed by the police" who also wear uniforms and wield authority over private citizens.  (Dkt. 18-1 at 7.)  Notably, however, Foster cites to a single decision of the U.S. Court of Appeals for the First Circuit in support of that argument.  (Id. (citing Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487, 494 (1st Cir. 1996)).)  That case analyzed the scope of state action under Section 1983.  Barrios-Velazquez, 84 F.3d at 490–95.  This Court, for the reasons discussed supra, previously determined that Section 1983 liability does not apply here, and therefore finds no indication – other than the threadbare recitals and conclusory statements in Foster's pleadings – that Defendants acted under the color of state law.  (Dkt. 5; see also dkt. 18-1.)  Accordingly, the Court will grant Defendants' motion to dismiss with respect to the First Cause of Action.  N.J.S.A. 10:6-2(c) (recognizing a private cause of action where defendants act "under color of law."); Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> **B.** **Second Cause of Action: "Intentional Infliction of Emotional Distress"**

The Second Cause of Action alleges that Defendants "intentionally and recklessly failed to even attempt to aid and/or investigate the [Foster] [F]amily in their time of need as patrons in an act of racial discrimination."  (Dkt. 15 at 6.)  Foster also claims that the

Doe Defendants "proceeded to criminalize and discriminate the [Foster] [F]amily by serving a notice of trespass which caused severe emotional distress." (Id.)  According to Foster, the Doe Defendants' conduct was: (1) the direct cause of his emotional distress; and (2) "so extreme and outrageous that it would shock the conscious [*sic*] of any reasonable person." (Id. at 7.)  Thus, Foster claims damages related to, inter alia, emotional and mental distress, pain and suffering, and medical expenses. (Id.)

### 1. Defendants' Arguments

Defendants argue, with respect to the Second Cause of Action, that Foster fails to plead facts that give rise to the requisite inference that Defendants acted "with an intent to cause emotional distress." (Dkt. 17 at 6.)  Defendants also contend that the allegations related to the Second Cause of Action: (1) lack requisite factual support; and (2) do not rise to the level of "outrageous" or "extreme" behavior to support a viable intentional infliction of emotional distress claim. (Id.)

### 2. Foster's Arguments

Foster argues that the allegations in the amended complaint draw from "plentiful facts to establish the extreme and outrageous conduct of the [Doe Defendants]." (Dkt. 18-1 at 7.)  Foster reiterates the allegations that the Doe Defendants: (1) demanded that the Foster Family visit the security office "against their will"; (2) refused to conduct an investigation regarding the physical altercation or provide medical care to the Foster Family; and (3) ejected the Foster Family from the park. (Id. at 7–8; see also dkt. 15 at 3–4.)

### 3. Analysis

The Court finds that the allegations in the Second Cause of Action support a plausible claim for relief sufficient to survive Defendants' motion to dismiss. A plaintiff, in order to state a viable claim for intentional infliction of emotional distress, must establish that a defendant "acted intentionally or recklessly" by engaging in "extreme and outrageous" conduct that was "the proximate cause of the plaintiff's emotional distress." Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988) (internal citation and quotation omitted). With respect to damages, a plaintiff must demonstrate that the emotional harm suffered was "so severe that no reasonable man could be expected to endure it." Id. (internal quotation and citation omitted).

Foster, as described supra, states the requisite allegations for an intentional infliction of emotional distress claim in the amended complaint. The Court, accepting those statements as true, finds that the factual underpinnings of the allegations are sufficiently plausible to survive a motion to dismiss. Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") Accordingly, the Court will deny Defendants' motion to dismiss with regard to the Second Cause of Action.

### C. Third Cause of Action: "False Imprisonment under N.J.S.A. 2C:13-3"

Foster brings the Third Cause of Action against SFGA and the Doe Defendants. (Dkt. 15 at 7–8.) Foster, in support of the Third Cause of Action, alleges that Defendants

9

falsely imprisoned him "under New Jersey criminal law" by knowingly restraining the Foster Family "in substantial deprivation of their liberty … in their security office without a competent investigation and/or reasonable basis." (Id. at 8.) Foster cites to N.J.S.A. 2C:13-3, the section of the New Jersey Code of Criminal Justice entitled "False Imprisonment," as the basis for the Third Cause of Action. (Id. at 7.)

### 1. Defendants' Arguments

Defendants argue that the Third Cause of Action fails as a matter of law because N.J.S.A. 2C:13-3 does not give rise to a private right of action. (Dkt. 17 at 7.) Defendants, in support of that argument, contend that "[t]he text of the statute does not provide for private party enforcement or civil remedies." (Id.) Defendants also submit that "[t]he New Jersey Judiciary does not construe penal statutes to create private rights of action without express instruction from the legislature." (Id.)

### 2. Foster's Arguments

Foster acknowledges that N.J.S.A. 2C:13-3 "does not give rise to a cause of action in tort," yet claims that "the correct action of false imprisonment was previously and originally asserted … thereby preserving the right of claim." (Dkt. 18-1 at 8.) Foster identifies the "correct action" as the "NJTCA," yet fails to identify where he previously asserted that cause of action. (Id.) Foster, from a factual standpoint, recites the following facts to support the Third Cause of Action: (1) the Foster Family was "forced against their will from the amusement ride where they were attacked to the security office" and thereafter held for an unreasonable period of time; and (2) the Doe Defendants refused to

investigate other patrons involved in the physical altercation and ejected the Foster Family from SFGA. (Id.)

### 3. Analysis

The Court finds that the Third Cause of Action does not state a plausible claim sufficient to survive Defendants' motion to dismiss. Foster concedes that N.J.S.A. 2C:13-3 does not give rise to a cause of action. (Dkt. 18-1 at 8.)[3] Foster fails to identify, however, the asserted viable cause of action in the amended complaint or any other filings before this Court. Indeed, Foster does not explain how the purported viable cause of action – the "NJTCA" – supports the Third Cause of Action. The Court therefore finds no plausible basis to support the Third Cause of Action. See Iqbal, 556 U.S. at 678; Fed.R.Civ.P. 8(a) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …"). Accordingly, the Court will grant Defendants' motion to dismiss with respect to the Third Cause of Action.

---

[3] The Court, for that reason, need not analyze the applicability of N.J.S.A. 2C:13-3.

## CONCLUSION

The Court, for the reasons stated above, will: (1) grant Defendants' motion to dismiss with respect to the First Cause of Action and Third Cause of Action; and (2) deny Defendants' motion to dismiss with respect to the Second Cause of Action. The Court will issue an appropriate order.

                                                 s/ Mary L. Cooper  
                                                 **MARY L. COOPER**  
                                                 United States District Judge

**Dated:** January 5, 2016